# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CRAIG ALLEN IRVIN, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. C15-4007-LTS <br><br> **MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed on November 2, 2015, by the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge. *See* Doc. No. 17. Judge Scoles recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner) denying plaintiff Craig Allen Irvin Social Security Disability benefits (DIB) and Supplemental Security Income benefits (SSI) under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401 et seq. (Act).

Irvin filed timely objections (Doc. No. 18) to the R&R on November 13, 2015. The Commissioner then filed a response (Doc. No. 19) to the objections. The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II.    APPLICABLE STANDARDS
### A.    *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir.

2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of

benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

3

definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.   THE R&R

Judge Scoles found that the ALJ's decision that Irvin was not disabled was supported by substantial evidence and, therefore, recommended that it be affirmed. Doc. No. 17. Specifically, Judge Scoles reviewed the ALJ's evaluation of the medical evidence, the ALJ's credibility determination and the hypothetical question posed to the Vocational Expert (VE). Within his R&R, Judge Scoles set out the standards for evaluating the medical opinion evidence as follows:

> An ALJ is required to "assess the record as a whole to determine whether treating physicians' opinions are inconsistent with substantial evidence of the record." *Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2)). "Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as a whole." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (citing *Prosch v Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)). "The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions." *Id.*; *see also Travis*, 477 F.3d at 1041 ("A physician's statement that is 'not supported by diagnoses based on objective evidence' will not support a finding of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). If the doctor's opinion is 'inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight.' *Id.*");

4

> *Strongson v. Barnhart*, 361 P.3d 1066, 1070 (8th Cir. 2004) (an ALJ does not need to give controlling weight to a physician's RFC if it is inconsistent with other substantial evidence in the record); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989) (the resolution of conflicts of opinion among various treating and examining physicians is the proper function of an ALJ). The ALJ may discount or disregard a treating physician's opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *Hamilton v. Astrue*, 518 F.3d 607, 609 (8th Cir. 2008).
>
> Also, the regulations require an ALJ to give "good reasons" for assigning weight to statements provided by a treating physician. *See* 20 C.P.R. § 404.1527(c)(2); 20 C.P.R. § 416.927(c)(2); *see also Cline v. Colvin*, 771 P.3d 1098, 1105 (8th Cir. 2014) ("[L]ess weight may be given to the treating physician's opinion, but the ALJ must always 'give good reasons' for doing so. *Anderson v. Astrue*, 696 P.3d 790, 793 (8th Cir. 2012) (quoting 20 C.P.R. § 404.1527 (c)(2)). "). The decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. SSR 96-2P, 1996 WL 374188 (1996).

*Id*. at 13-14. Judge Scoles found that the ALJ properly discounted the opinions of Ahmed Mohammed, M.D., and Sophia Chao, a physical therapist, due to inconsistencies between those opinions and the record as a whole. *Id*. at 17. Judge Scoles also found (a) that the ALJ's credibility determination was supported by substantial evidence and (b) that the hypothetical question posed to the VE properly reflected the ALJ's findings and conclusions, all of which were supported by substantial evidence. *Id*. at 20-22.

## IV. DISCUSSION

### A. *Irvin's Objection*

Irvin objects to Judge Scoles' finding that the ALJ properly weighed the medical evidence and contends that the ALJ should have given more weight to the treating source, Dr. Mohammed, and the physical therapist, Ms. Chao. Doc. No. 18. Thus, I must

5

determine de novo whether the ALJ properly evaluated the medical evidence. Because Irvin did not object to any other portion of the R&R, I will review the remainder of the R&R for clear error.

## B. *The ALJ's Consideration of the Medical Evidence*

The ALJ noted that Irvin submitted, post-hearing, a joint medical source statement that had been prepared by Ms. Chao and Dr. Mohammed on December 30, 2011 (more than one year before the hearing). AR 16. In that statement, the two providers opined that Irvin's limitations were greater than those found by state agency physicians. AR 16. The ALJ also noted, however, that the statement was not new information, as it was already contained in the record. *Id.* Moreover, the ALJ explained that state agency consulting physicians Jan Hunter, D.O., and Gary Cromer, M.D., had reviewed the statement and had concluded that it merely recited Irvin's subjective complaints. *Id.* Additionally, the ALJ found that the limitations described in the statement were "out of proportion with the objective medical evidence." *Id.*

An ALJ may discount a treating source opinion if it is unsupported by objective medical evidence. *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012). Having carefully considered the objective medical evidence cited by the ALJ, I agree that it illustrates only a modest degree of degenerative disc disease at Irvin's lumbar spine and that Irvin otherwise has a negative lumbosacral spine. For example, on July 30, 2012, radiologist Calvin Andersen, M.D., reviewed imagery ordered by Dr. Mohammed and found that Irvin had a "very modest degenerative disc and degenerative facet disease" but was "otherwise negative" with regard to his lumbosacral spine. AR 567. This finding is consistent with the ALJ's conclusion that the joint medical source statement provided by Ms. Chao and Dr. Mohammed was not supported by the objective medical evidence.

Additionally, the ALJ found that Irvin's testimony was inconsistent with the joint medical source statement. During the hearing, when Irvin was asked: "Is there anything

6

wrong with your hands?" AR 46. He answered: "No." *Id.* However, Ms. Chao and Dr. Mohammed reported that Irvin's left hand function was limited to only occasional reaching (other than overhead), handling, fingering, feeling and pushing/pulling. AR 693. Ms. Chao and Dr. Mohammed also reported that Irvin could never reach over his head with his left hand. *Id.* Moreover, Dr. Mohammed opined that Irvin could only use his hand for 2% of an eight hour workday and only use his fingers for 3% of an 8 hour workday. AR 686. These statements are in stark contrast to Irvin's acknowledgment that nothing is wrong with his hands. The ALJ did not err in discounting the joint medical source statement on this basis. *See Medhaug v. Astrue*, 578 F.3d 805, 815 (8th Cir. 2009) (an ALJ may discount a treating source's opinion if it is inconsistent with claimant's testimony).

In short, based on my de novo review, I agree with Judge Scoles that the ALJ's evaluation of the medical evidence is supported by substantial evidence in the record as a whole. I therefore overrule Irvin's objection to that portion of the R&R.

### B. Judge Scoles' Remaining Findings

Judge Scoles described and applied the appropriate legal standards when reviewing the ALJ's credibility determination and the hypothetical question posed to the VE. I find no error – clear or otherwise. As such, I adopt the R&R in its entirety.

### V. CONCLUSION

For the reasons set forth herein:

1. Irvin's November 13, 2015, objections (Doc. No. 18) to the magistrate judge's report and recommendation are **overruled**;
2. I **accept** Chief United States Magistrate Judge Scoles' November 2, 2015, report and recommendation (Doc. No. 17) without modification. *See* 28 U.S.C. § 636(b)(1).

7

3. Pursuant to Judge Scoles' recommendation:

    a. The Commissioner's determination that Irvin was not disabled is **affirmed**; and

    b. Judgment shall enter against Irvin and in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 7th day of March, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE